DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**12170 CWELT-2007 LLC,**
Appellant,

v.

**GREEN TREE SERVICING, LLC,**
Appellee.

No. 4D2024-1907

[April 29, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 062014CA004643AXXXCE.

Kenzie N. Sadlak of Kenzie N. Sadlak, PA, Miami, for appellant.

Robert Edwards and David Rosenberg of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Boca Raton, for appellee.

LOTT, J.

We address only one issue in this appeal: whether the trial court erred by holding a hearing on Appellant 12170 CWELT-2007 LLC's ("CWELT's") motion for reconsideration while CWELT was not represented by counsel. We hold that the error, if any, is harmless because the court was not required to conduct oral argument on the motion, and the legally insufficient motion could properly be denied on the papers alone.[1]

Some truncated background.

On March 9, 2023, CWELT filed an amended motion for reconsideration of prior facts found and rulings made by Judge Gundersen under Florida

---

[1] We address only this issue, and otherwise summarily affirm.

Rule of General Practice and Judicial Administration 2.330(j) (2021), given that a motion to disqualify Judge Gundersen had been filed.[2]

On June 10, 2024, Appellee Green Tree Servicing, LLC ("Green Tree"), which opposed the motion, noticed the motion for a June 24, 2024, five-minute Zoom hearing.

On June 24, 2024, the trial court held the short hearing. CWELT, a corporate defendant, was unrepresented at the time because the court had previously permitted its counsel leave to withdraw and given it thirty days to obtain new counsel.[3] That period had not yet lapsed when the June 24, 2024 hearing occurred. CWELT, lacking counsel, was not permitted to speak at the hearing.[4] Green Tree briefly argued at the hearing that the pending motion was moot but did not address the motion's substance.

On June 26, 2024, the trial court summarily denied as moot the amended motion for reconsideration.

Even assuming that CWELT is correct that the trial court should not have conducted the June 24, 2024 hearing, given that CWELT permissibly lacked representation at the time, any error was harmless.[5] The operative March 9, 2023 motion for reconsideration of Judge Gundersen's rulings

---

[2] We see no reason to dive deeper into Judge Gundersen's rulings, or other rulings by the next judge, Judge Garcia-Wood.

[3] Corporate parties, of course, must be represented by attorneys licensed to practice law in Florida and cannot represent themselves or appear through a non-attorney officer. *E.g.*, *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 248 (Fla. 3d DCA 1985) ("It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." (citing *Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee Cnty.*, 184 So. 2d 438 (Fla. 2d DCA 1966))).

[4] CWELT's manager, a non-attorney corporate officer, appeared for CWELT. But pursuant to the authority discussed in note 3 above, he was not permitted to address the court on CWELT's behalf.

[5] "To test for harmless error" in civil matters, "the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict." *Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014).

was legally insufficient because it was untimely.[6]  It was due to be denied with or without oral argument.

A hearing—an audience with the judge for the parties—concerning a motion can be either evidentiary or non-evidentiary, depending on the nature of the relief requested in the motion.[7]  Non-evidentiary motion hearings are fairly called "oral arguments."  *Cf. Shahar v. Green Tree Servicing LLC*, 125 So. 3d 251, 254 (Fla. 4th DCA 2013) (describing hearing on motion for summary judgment as one that "consists of the legal argument of counsel, not the taking of evidence") (citation omitted).

A trial court is *generally* not required to have oral argument on motions that do not need to be proven (or disproven) with evidence.  The court may

---

[6] Under rule 2.330(l), the motion to disqualify Judge Gundersen was "deemed granted" on January 14, 2023—thirty days after it was filed.  The motion for reconsideration should have been filed within thirty days thereafter, *see* rule 2.330(j), but was not.  We do not pass on whether the motion suffered from any other legal defects besides timeliness.  To the extent the trial court denied the motion other than on the basis of timeliness and erred in doing so (which, again, we do not decide), we affirm under the "tipsy coachman" rule.  "Under the tipsy coachman rule, if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support judgment in the record." *Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. 4th DCA 2009) (quotation and citation omitted).

[7] Because an evidentiary hearing involves taking evidence, neither the submission of affidavits nor oral arguments, alone, is sufficient to constitute an evidentiary hearing.  "Since the purpose of an evidentiary hearing is to allow a party to have a fair opportunity to contest the factual issues, this purpose is not effectuated if a party is not allowed to testify." *Sperdute v. Household Realty Corp.*, 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) (quotation omitted).  By contrast, when a hearing consists entirely of oral argument and the submission of affidavits, it is a non-evidentiary hearing. *Block v. Tosun*, 77 So. 3d 871, 874 n.2 (Fla. 4th DCA 2012) ("[N]either the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing." (citing *Fern, Ltd. v. Rd. Legends, Inc.*, 698 So. 2d 364, 365 (Fla. 4th DCA 1997))).

decide these on the papers alone.[8]  *See Nudel v. Flagstar Bank, FSB*, 52 So. 3d 692, 694 n.3 (Fla. 4th DCA 2010) ("We are aware of no rule or law that requires a trial court to hear oral argument on a pretrial, non-evidentiary motion."); *First City Devs. of Fla., Inc. v. Hallmark of Hollywood Condo. Ass'n, Inc.*, 545 So. 2d 502, 503 (Fla. 4th DCA 1989), *disapproved of on other grounds by Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450 (Fla. 2012) ("There is no rule of procedure or law that requires the trial court to have oral argument as to such [discovery] objections; rather, the trial court may simply review the discovery sought, the objections thereto, and rule on said objections without the necessity of a hearing [i.e., oral argument]."); *Gaspar, Inc. v. Naples Fed. Sav. & Loan Ass'n*, 546 So. 2d 764, 766 (Fla. 5th DCA 1989) ("Judicial consideration and determination of a non-evidentiary motion on the basis of memoranda of law rather than oral argument by counsel at a noticed hearing does not constitute an ex parte hearing or a denial of due process."); *accord* Admin. Ord. No. 2020-012 PA/PI-CIR, *In re: Motions Decided on Written Submissions – Civil Division* (Fla. 6th Cir. Ct. Apr. 24, 2020) ("There is no rule or law in Florida state or federal court that requires a trial judge to hear oral argument on a pretrial non-evidentiary motion.") ("All parties are hereby noticed that pretrial non-evidentiary motions may

---

[8] We say "generally" because we have required oral argument in certain cases where rules or statutes require a "hearing."  *Cf. Kirkpatrick Tr. v. Lakeview Loan Servs., LLC.*, 377 So. 3d 650, 652 n.3 (Fla. 5th DCA 2024) ("While hearings on certain motions are required by rule or statute, this is not so for a motion to intervene.").  For example, with respect to the pre-2021 summary judgment rule, we held that "the rule does not provide the trial court with discretion to decide whether a hearing is required."  *Kozich v. Hartford Ins. Co. of Midwest*, 609 So. 2d 147, 148 (Fla. 4th DCA 1992) (cleaned up).

But that is not to say that the requirement of a "hearing" can never be accomplished by considering the papers alone.  "Hearing" a motion is plainly what a court does when it considers whether to grant requested relief on the papers without oral argument.  *Accord* Bruce J. Berman & Peter D. Webster, 4 Fla. Prac., Civil Procedure § 1.090:16 (2025) ("It follows that the right to be 'heard' cannot necessarily mean only orally; to the contrary, unless Rule 1.090 is construed to impose a requirement in addition to the basic constitutional due process right, the movant whose papers have been reviewed by the court has certainly had the opportunity to be 'heard.'"); *cf. The Fla. Bar v. Rapoport,* 845 So. 2d 874, 877 (Fla. 2003) ("We deem it unnecessary to reach the issue of whether rule 1.510(c) mandates a hearing before summary judgment may be entered in a civil proceeding if there has been adequate notice and an opportunity to be heard, and the party opposing the summary judgment has failed to show that there are any material issues in dispute.").

be subject to review and rulings by a judge based only upon the motion along with written argument and any authority timely filed in the action.").

Where a motion is legally insufficient on its face (whether or not the motion purports to require evidence), a court may generally deny the motion without oral argument or without a written response from the opposing party. *See Aubourg v. Erazo*, 922 So. 2d 1106, 1108 (Fla. 4th DCA 2006) (en banc) ("[T]he trial court is entitled to assume that the party's motion for new trial contains all relevant arguments such that an oral hearing is unnecessary before the court denies the motion.").

And if the opposing party provides, or at least has the opportunity to provide, a written response, the court may grant a legally sufficient motion that does not turn on evidence without having oral argument on the motion.[9] *See id.* ("Further, if the court contemplates granting the motion for new trial, the court can satisfy due process by holding a hearing or giving the opposing party an opportunity to be heard through written responses."); *Allstate Ins. Co. v. Montgomery Ward*, 538 So. 2d 974, 975 (Fla. 5th DCA 1989) (no error in failing to conduct "hearing" before granting motion for involuntary dismissal where "both parties fully argued their respective positions on the motion in the form of legal memoranda submitted to the trial court").

Here, because the March 9, 2023 motion for reconsideration was untimely, it was due to be denied with or without oral argument and with or without a written response from the opposing party. Any error in holding oral argument while CWELT was without counsel is harmless. Oral argument was not required at all. CWELT had the opportunity, in the motion itself, to demonstrate why the motion should be granted. CWELT did not do so. The court hearing Green Tree's position at the hearing, even while CWELT was unrepresented, did nothing to impact that reality.

*Affirmed.*

KLINGENSMITH and SHAW, JJ., concur.

---

[9] A trial court could afford an opportunity to respond by setting a reasonable deadline for the opposing party to file a written response to the motion, either by issuing an order or through its standing orders or procedures. If the opposing party fails to respond by the deadline or timely seek and receive an extension for good cause, the court may proceed to rule on the motion without the benefit of their response.

*        *        *

*Not final until disposition of timely-filed motion for rehearing.*